UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH E. BAPTISTE,                    )       2:08-cv-01420-HDM-RAM
                                        )
            Plaintiff,                  )
                                        )       ORDER
vs.                                     )
                                        )
G. DUNN, et al.,                        )
                                        )
            Defendants.                 )
_____)

Plaintiff is a state prisoner proceeding *pro se* in this action.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I. *In Forma Pauperis* Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See #7, 8)  Accordingly, the request to proceed *in forma pauperis* is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1914(a), 1915(b)(1).  An

1

initial partial filing fee of $1.77 will be assessed by this order. 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II. Relief Pursuant to 42 U.S.C. § 1983**

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  This court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1) and (2), 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Therefore, a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6).  The court applies the same standard

under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Such review is a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. Plaintiff's Claims[1]

Plaintiff has been a prisoner at High Desert State Prison (HDSP) in Susanville, California since 2002. Plaintiff has suffered from chronic periodontal disease since 1989. Plaintiff has seen three prison dentists on at least 15 separate occasions since 2002. In 2002 alone, plaintiff visited the prison dentist seven times. Plaintiff has been advised of how to properly care for his chronic periodontal disease. Full mouth x-rays have been taken of plaintiff's teeth and unsalvageable teeth extracted while at HDSP. Plaintiff has lost 17 teeth due to his periodontal disease.

---

[1] The following is based on a review of plaintiff's complaint and all attached documents including copies of his filed grievances and other correspondence with prison staff.

3

Plaintiff was fitted with a dental partial.  According to prison records, plaintiff has not complained of pain or swelling to the three prison dentists who have treated him over the last six to seven years.  While plaintiff finds it difficult to eat certain foods, he still has the ability to masticate food and there is no indication he has requested a special soft food diet, or that such a request was delayed or denied.

In June of 2006, plaintiff lost his dental partial in a prison toilet.  Plaintiff was subsequently seen by the prison dentist.  He was advised that partials and missing teeth are not considered a medical emergency.  Plaintiff was fitted for a new dental partial and placed on a waiting list for routine procedures.  He has been on the waiting list since June 2006 and has yet to receive a replacement partial.

Upset with the delay in getting his dental partial, and upset with having to have more teeth extracted (a procedure plaintiff disagrees with, but has consented to) plaintiff filed several grievances with prison officials.  The record before this court shows plaintiff received timely responses from prison officials.  He appealed those decisions to the warden and has exhausted his administrative remedies.  The correspondence in the record between plaintiff and defendants regarding plaintiff's grievances indicates the following: (1) the defendants did not consider plaintiff's periodontal disease and missing teeth a serious medical need, (2) plaintiff was not entitled to prompt replacement of his dental partial because his condition was not considered a medical emergency, and (3) referral to a specialist for a non-medical emergency was not prison policy.

1    Plaintiff now brings this claim under 42 U.S.C. § 1983,
2 alleging the defendants violated the Eighth Amendment through their
3 deliberate indifference to his serious medical needs.  *See Estelle*
4 *v. Gamble*, 429 U.S. 97, 104-05 (1976).  Plaintiff bases his claim
5 on allegations that the defendants refused to refer him to a
6 specialist for treatment of his chronic periodontal disease and
7 delayed in providing him with a replacement dental partial.
8 Plaintiff alleges that he has suffered teeth, gum and bone loss,
9 difficulty eating certain foods, threat to his overall health,
10 permanent disfigurement, and pain as a result of the defendants'
11 proscribed treatment of his periodontal disease.

12    Plaintiff sues three prison dentists: Dr. G. Dunn, who treated
13 plaintiff from February 28, 2002 to July 7, 2003; Dr. C. Hobson,
14 who treated plaintiff from July 27, 2006 to January 16, 2007; and
15 Dr. D. Simpson, who treated plaintiff from June 27, 2007 to April
16 20, 2008.  These defendants recommended tooth extraction and good
17 dental hygiene (regular flossing and brushing) to treat plaintiff's
18 chronic periodontal disease in lieu of referring plaintiff to an
19 independent specialist.  Plaintiff also sues dental assistant C.
20 Gallegori who assisted the staff dentists in treating plaintiff
21 from February 28, 2002 to April 28, 2008.  Plaintiff alleges
22 defendant Gallegori perpetuated and coordinated the practice of
23 tooth extraction at the prison. He also alleges this practice was
24 "not in accordance with the dental practice parameters set by the
25 American Dental Association." (Plaintiff's Complaint, ¶4.) These
26 defendants are being sued in their individual capacities.

27    Plaintiff also sues various prison officials who handled his
28 administrative appeals.  Defendant R. Christe is a medical appeals

analyst at HDSP who plaintiff alleges "erected arbitrary and burdensome procedures" that resulted in the delay and denial of his dental care. (Complaint, ¶5.)  Defendant Christe is being sued in an individual capacity.  Defendant R.J. Leo is the chief dental director who plaintiff alleges endorsed the prison policy of not providing dental specialist services to inmates "based on monetary reasons". (Complaint, ¶6.)  Defendant Acquaviva is the prison health care manager who plaintiff alleges delayed and obstructed the grievance process.  Defendant T. Kimura-Yip is a staff service manager who "was directed to respond to a letter plaintiff wrote to the Director of Corrections." (Complaint, ¶8.)  In doing so, plaintiff alleges, defendant Kimura-Yip "deliberately chose not to intervene in the delay and obstruction" of plaintiff's medical care. (Complaint, ¶8.)  Finally, plaintiff sues T. Felker, HDSP warden, for failing to correct the alleged problem in dental care at the prison. These defendants are being sued in their individual and official capacities.

Plaintiff seeks compensatory and punitive damages against defendants in an amount to be determined by a jury, as well as injunctive relief compelling defendants to have plaintiff examined and treated by an independent specialist and to have his missing teeth replaced.

**IV. Analysis of Plaintiff's Claims**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

6

1  Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d
2  628, 632-33 (9th Cir. 1988). It is undisputed that all defendants
3  are or were employed at HDSP and acted under color of state law
4  when treating plaintiff and addressing his grievances.  However,
5  this court finds the conduct of the defendants did not deprive
6  plaintiff of a constitutional right.

7      Deliberate indifference to a serious medical need violates the
8  Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 105-6. "Dental
9  care is one of the most important medical needs of inmates." *Hunt*
10 *v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989) (citation
11 omitted).

12     To establish he had a serious medical need, plaintiff must
13 demonstrate that a failure to treat his condition "could result in
14 further significant injury or the unnecessary and wanton infliction
15 of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).
16 Indications that a prisoner has a "serious" need for medical
17 treatment include: "[t]he existence of an injury that a reasonable
18 doctor or patient would find important and worthy of comment or
19 treatment; the presence of a medical condition that significantly
20 affects an individual's daily activities; or the existence of
21 chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050,
22 1059-60 (9th Cir. 1992) *overruled on other grounds by WMX Techs.,*
23 *Inc v. Miller*, 104 F.3d 1133 (9th Cir. 1997)(en banc).

24     Deliberate indifference is established by showing a purposeful
25 act or failure to respond to an inmate's pain or possible medical
26 need and a resulting harm.  *Jett*, 439 F.3d at 1096. Deliberate
27 indifference requires alleging more than mere inadvertence,
28 negligence, or gross negligence. *Farmer v. Brennan*, 511 U.S. 825,

7

833, n. 4 (1994).  The standard is one of "subjective recklessness" as used in criminal law.  *Id*. at 839-40.

Indifference may be shown by the way prison staff provide medical care. *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1985). Prisoners must be allowed to request medical or dental care, they must have access to competent medical personnel, and they must have adequate emergency care. *Hoplowit v. Ray,* 682 F.2d 1237, 1253 (9th Cir. 1982).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." 865 F.2d at 201. Standing alone, delay in providing a prisoner with dental care does not constitute an Eighth Amendment violation.  *Hunt*, 865 F.2d at 200; *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1988).  The delay must cause harm.  *Id*.

A record showing only a difference of opinion as to diagnosis and treatment in medial care given to a prison inmate, and not a refusal of treatment, does not state a claim for deliberate indifference under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Additionally, a prison inmate has no independent constitutional right to outside medical care, supplemental or additional to the medical care provided by prison staff within the institution. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986); *Estelle*, 429 U.S. at 103-4.  Furthermore, mere conclusory allegations that defendant-dentists provided care below a prescribed standard are insufficient to state an Eighth Amendment claim. *See Hutchinson*, 838 F.2d at 394.  Thus, a challenge to a decision based on medical judgment does not implicate the Eighth Amendment's cruel and

8

1  unusual punishment clause. *Estelle*, 429 U.S. at 106-7.

2  Viewing all the allegations in the light most favorable to the
3  plaintiff, the court finds that plaintiff has failed to state a
4  claim for deliberate indifference as to all defendants.  The record
5  does not demonstrate that plaintiff suffered from a serious medical
6  need that went untreated and resulted in further significant
7  injury.

8  It is true that plaintiff's condition may be considered a
9  serious medical condition.  The record indicates plaintiff has
10 severe, chronic periodontal disease with many mobile teeth.  His
11 periodontal disease has caused intermittent swelling of the gums
12 and tooth loss.  It has impacted his daily activities, notably
13 eating.  If untreated, his condition could lead to further
14 significant injury.  As plaintiff indicates in his complaint,
15 untreated periodontal disease may lead to "bacteria
16 discharge...known to cause heart disease and pancreatic cancer."
17 (Complaint, p. 9)

18 Even presuming plaintiff suffers from a serious medical
19 condition, he has failed to allege sufficient facts that the
20 defendants were deliberately indifferent to his needs.  Plaintiff
21 must allege facts that indicate these defendants knew of and
22 disregarded a serious risk to plaintiff's health.  Even a liberal
23 reading of plaintiff's complaint does not support this argument.
24 Plaintiff has consistently received treatment for his dental needs.
25 Plaintiff visited the prison dentist at least 15 times in a six-
26 year period, seven times alone in his first year of incarceration
27 at HDSP.  Further, the prison dentists' response  to plaintiff's

9

1 condition was more than adequate.  The dentists took full mouth x-
2 rays as needed, fitted him for a new dental partial, and treated
3 his periodontal disease by recommending consistent oral hygiene and
4 the extraction of unsalvageable teeth.  Thus, no treatment
5 administered by the prison dentists increased plaintiff's risk of
6 additional injury.  Indeed, because prison dentists regularly
7 treated plaintiff's periodontal disease, he is at less risk of
8 suffering additional significant harm.
9      Furthermore, plaintiff's grievances with the dental care he
10 received from prison dentists is predominately a dispute over the
11 type of treatment offered to him.  Prison dentists recommended
12 extraction of unsalvageable teeth.  Plaintiff wished to consult a
13 specialist rather than follow the recommendation of prison dental
14 staff.  That these defendants failed to refer plaintiff to a
15 specialist does not subject them to an Eighth Amendment violation.
16 As noted above, plaintiff is not entitled to referral to an
17 independent specialist.  Further, mere difference in medical
18 opinion on course of treatment does not amount to deliberate
19 indifference.
20      Finally, "subjective recklessness" as used in criminal law is
21 the test for deliberate indifference under the Eighth Amendment.
22 *Farmer*, 511 U.S. at 839-40.  A plaintiff must show more than mere
23 inadvertence or negligence. *Id.* at 833, & n. 4, *Estelle*, 429 U.S.
24 at 106. Neither negligence nor gross negligence will constitute
25 deliberate indifference. *Id*.  Plaintiff must allege facts
26 indicating that the prison dentists knew of and disregarded a
27 serious risk to plaintiff's health. *Id*.  It is clear the defendant
28                                10

dentists elected to treat plaintiff's condition.  Thus, the defendant dentists did not act recklessly in treating plaintiff.  A liberal reading of the complaint indicates, at most, a claim for negligence.  These defendants assessed plaintiffs condition and treated his symptoms accordingly.  Based on the assessments of three different prison dentists, prison officials determined that plaintiff's condition was a non-emergency.  Plaintiff never complained to prison staff of pain or swelling, significant difficulty eating, or requested a soft food diet. Indeed, the fact that plaintiff coped for three years without special accommodations, and communicated frequently with prison officials without complaining of pain or any other significant impediments to his daily life, indicates the low-level severity of his condition. In addition, that these dentists chose the course of tooth removal indicates that they treated the problem, though the treatment may not have been ideal.  The fact that plaintiff feels the defendants should have succeeded better in treating his periodontal disease or treated it differently does not support a claim of deliberate indifference under the Eighth Amendment. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993).

The only conduct alleged against the remaining defendants is that they denied plaintiff's grievances regarding his dental treatment and delayed his receipt of a replacement dental partial. These defendants were not directly responsible for providing dental care to plaintiff, and cannot be held vicariously liable for the alleged failings of the health care staff at HDSP.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691-94 (1978).  A supervisor

11

may be liable under section 1983 only if there exists personal involvement in the constitutional deprivation, or a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Also, even if these defendants had been directly responsible for delaying the receipt of his dental partial, plaintiff has failed to allege sufficient facts that the delay in receiving a replacement partial has caused him further significant harm. While a two-year delay is not insignificant, delay alone does not state a claim for deliberate indifference. *Hunt*, 865 F.2d at 200; *Shapely*, 766 F.2d at 407. Thus, plaintiff has failed to show any connection between these defendants' acts or omissions and a violation of his Eighth Amendment rights.

Finally, to the extent that plaintiff believes his dental care and proscribed treatment was inadequate, and that defendants Christe, Leo, Kimura-Yip, Acquaviva, and Felker improperly managed his grievances and the delivery of dental care at HDSP, such a claim involves, at most, a difference of opinion in the course of treatment between the plaintiff and health care providers, and do not rise to the level of a constitutional violation. *See Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971).

Notwithstanding each defendant's personal involvement, it is clear to the court that plaintiff has failed to meet the threshold requirements for a deliberate indifference claim under the Eighth Amendment. The record shows that plaintiff requested dental care, had access to and was treated by competent dentists and dental

12

staff, and that he had no medical emergency that went untreated. Therefore, the conduct of HDSP prison staff and the treatment provided to plaintiff did not violate the Eighth Amendment.

Because plaintiff has failed to allege facts that state a claim for relief as to all defendants, the complaint must be dismissed in its entirety. The court will grant plaintiff leave to file an amended complaint against defendants Dr. G. Dunn, Dr. C. Hobson and Dr. D. Simpson only. If plaintiff chooses to amend the complaint as to these defendants, he must demonstrate how the conduct complained of resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). He must show that these defendants knew of and disregarded a serious risk to his health and deprived him of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. 1983 unless there is some affirmative link of connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164,167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

13

1 Once plaintiff files an amended complaint, the original pleading no
2 longer serves any function in the case.  Therefore, in an amended
3 complaint, as in an original complaint, each claim and the
4 involvement of each defendant must be sufficiently alleged.
5     Accordingly, IT IS HEREBY ORDERED that:
6     1. Plaintiff's request to proceed *in forma pauperis* is
7 granted;
8     2. Plaintiff is obligated to pay the statutory filing fee of
9 $350.00 for this action.  Plaintiff is assessed an initial partial
10 filing fee of $1.77.  All fees shall be collected and paid in
11 accordance with this court's order to the Director of the
12 California Department of Corrections and Rehabilitation filed
13 concurrently herewith.
14     3. Plaintiff's claims against ALL defendants are DISMISSED
15 without prejudice.
16     4.  Plaintiff is granted thirty days from the date of service
17 of this order to file a first amended complaint that complies with
18 the requirements of the Civil Rights Act, the Federal Rules of
19 Civil Procedure, the Local Rules of Practice, and this order.  The
20 amended complaint must bear the docket number assigned to this case
21 and must be labeled "First Amended Complaint."  Failure to file and
22 amended complaint in accordance with this order will result in a
23 recommendation that this action be dismissed.

    IT IS SO ORDERED.
    DATED: This 16th day of July, 2009.

                            _____
                            UNITED STATES DISTRICT JUDGE

14