1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KENNETH E. BAPTISTE,

11              Plaintiff,                    No.  2:08-cv-1420 KJM CKD P

12        vs.

13    G. DUNN,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff, an inmate of the California Department of Corrections ("CDCR"),

17    proceeds pro se on a first amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.

18    (Dkt. No. 46.)  Plaintiff alleges that defendants were deliberately indifferent to his serious dental

19    needs in violation of the Eighth Amendment.  Defendants have moved to dismiss the complaint.

20    (Dkt. Nos. 59, 69.)  The matter is fully briefed.  (See Dkt. Nos. 73, 74, 76.)

21    I.    Allegations of the First Amended Complaint

22              The events giving rise to this lawsuit occurred at High Dessert State Prison

23    ("HDSP"), where plaintiff was incarcerated at all times relevant.  At HDSP, G. Dunn, DDS,

24    provided dental care to plaintiff from February 28, 2002 to February 7, 2003.  (Dkt. No. 46 at 3.)

25    During that time period, plaintiff's gum infection went untreated, resulting in severe gum loss,

26    bone loss, and the extraction of 17 teeth.  (Id.)  Plaintiff alleges that this resulted from CDCR's

1   policy of not employing a periodontist or gum specialist and providing only emergency

2   extractions and temporary fillings.  (Id.)

3             C. Hopson, DDS, was responsible for plaintiff's dental care from July 27, 2006 to

4   January 7, 2007.  (Dkt. No. 46 at 4.)  Hopson denied plaintiff's request for treatment of his gum

5   infection, stating CDCR does "not provide funds for oral infections treatment" and that plaintiff's

6   only option was full mouth extractions.  (Id.)

7             D. Simpson, DDS, was responsible for plaintiff's dental care from June 27, 2007

8   until April 20, 2008.  (Dkt. No. 46 at 4.)  Simpson recognized plaintiff's gum infection and

9   serious medical need, however, per policy, only provided the easier and less efficacious treatment

10  of extraction.  (Id.)

11            C. Callegari,[1] Dental Assistant to Dunn, Hopson and Simpson from February 28,

12  2002 until April 28, 2008, "coordinated and promoted [the dentists'] unprofessional practice"

13  and the unnecessary extractions of plaintiff's teeth.  (Dkt. No. 46 at 4.)

14            R. Christe, the Medical Appeal Analyst at HDSP, "erected arbitrary and

15  burdensome procedures that resulted in interminable delays and denial of access to the Inmate

16  Appeal process."  (Dkt. No. 46 at 4.)  Similarly, N. Acquaviva, the Health Care Manager at

17  HDSP, delayed and obstructed the grievance process in an attempt to circumvent departmental

18  review.  (Id.)

19            R.J. Leo, the Chief Dental Director at HDSP, endorsed the policy and practice of

20  not providing oral specialists to treat prisoners at HDSP with oral infections.  (Dkt. No. 46 at 5.)

21  Likewise, T. Felker, the Warden at HDSP, "elected not to correct the denial of appropriate

22  treatment and the obstruction of the appeal process" even after it was brought to his attention by

23  plaintiff on April 17, 2007.  (Id.)

24  /////

25

26       [1] Defendant Callegari was sued as C. Gallegori.

1    Ultimately, 22 of plaintiff's teeth were extracted.  (Dkt. No. 46 at 5.)  At some

2  point, plaintiff was fitted for dentures, however, after a pair was lost, he had to wait more than

3  two years for another pair.  (Id.)  Plaintiff was unable to chew food, which resulted in weight loss

4  and nutritional deficiencies and negative effect on his overall health and well-being.  (Id.)

5  II.    Motions to Dismiss

6    Defendants move to dismiss plaintiff's first amended complaint under Fed. R.

7  Civ. P. 12(b)(6) for failure to state a cognizable claim.  (Dkt. Nos. 59 [defendants Christe and

8  Hopson], 69 [defendants Acquaviva, Callegari, Dunn, Felker, Leo and Simpson].)  Named in

9  both their individual and official capacities, defendants assert they are immune from damages

10  under the Eleventh Amendment for actions taken in their official capacities to implement state

11  policy.  (Dkt. No. 69 at 8.)  Defendants further assert plaintiff's claim for injunctive relief is

12  barred by a pending class action of which he is a member.  (Dkt. No. 59 at 6-7; Dkt. No. 69 at 6-

13  7.)  Defendant Dunn contends that plaintiff's claim for damages is time barred by the applicable

14  statute of limitations.  (Dkt. No. 69 at 7-8.)

15    A.    Legal Standard for Dismissal for Failure to State a Claim

16    The standard used to evaluate a complaint in the face of a motion to dismiss is a

17  liberal one, particularly when the action has been filed pro se.  Estelle v. Gamble, 429 U.S. 97

18  (1976) see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se pleadings are

19  held to a less stringent standard than those drafted by lawyers).  A complaint should not be

20  dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set

21  of facts consistent with his allegations which would entitle him to relief.  NOW, Inc. v.

22  Schiedler, 510 U.S. 249, 256 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

23  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273,

24  1274-75 (9th Cir. 1993).

25    Dismissal of the complaint, or any claim within it, "can be based on the lack of a

26  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

1   Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v.

2   Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  To survive a motion to dismiss, a

3   complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that

4   is plausible on its face." Ashcraft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial

5   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6   inference that the defendant is liable for the misconduct alleged.  Id.

7           In considering a motion to dismiss, the court accepts as true the allegations of the

8   complaint (Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976)), construes the

9   pleading in the light most favorable to the party opposing the motion, and resolves all doubts in

10  the pleader's favor (Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869

11  (1969)).  The court may consider facts established by exhibits attached to the complaint, but also

12  may disregard allegations in the complaint if they are contradicted by facts established by

13  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court is not

14  required to accept as true allegations that contradict facts which may be judicially noticed.

15  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486

16  U.S. 1040 (1988).  In addition, the court need not accept as true conclusory allegations,

17  unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt,

18  643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

19          B.      Deliberate Indifference and Section 1983 Standards

20          Prisoners can establish an Eighth Amendment violation with respect to medical

21  care if they can prove there has been deliberate indifference to their serious medical needs.

22  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "Dental care is one of the most important medical

23  needs of inmates." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989).  Accordingly, the

24  Eighth Amendment requires that prisoners be provided with a system of ready access to adequate

25  dental care. Id. (citing Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982)).

26  /////

1	Delay alone in providing a prisoner with dental treatment does not constitute an

2	Eighth Amendment violation.  Hunt, 865 F.2d at 200 (citing Shapley v. Nevada Bd. of State

3	Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  Rather, an official must know of and

4	disregard an excessive risk to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 832

5	(1994).  Two requirements must be met: (1) the deprivation must be, objectively, sufficiently

6	serious; and (2) the prison official must be, subjectively, deliberately indifferent to inmate health

7	or safety.  Id. at 834.  Allegations of pain and inability to eat properly state a deprivation that is

8	objectively, sufficiently serious.  Hunt, 865 F.2d at 200.  As to the subjective factor, the official

9	must both be aware of facts from which the inference could be drawn that a substantial risk of

10	serious harm exists, and must also draw the inference.  See Id.

11	In addition, the Civil Rights Act under which this action was filed requires that

12	there be an actual connection or link between the actions of the defendants and the deprivation

13	alleged to have been suffered by the plaintiff.  42 U.S.C. § 1983; see also Monell v. Dep't of

14	Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects'

15	another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

16	affirmative act, participates in another's affirmative acts or omits to perform an act which he is

17	legally required to do that causes the deprivation of which complaint is made."  Johnson v.

18	Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19	Supervisory personnel are generally not liable under § 1983 for the actions of their

20	employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

21	supervisorial position, the causal link between him and the claimed constitutional violation must

22	be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

23	Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and

24	conclusory allegations concerning involvement of official personnel in civil rights actions are not

25	sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26	/////

1       C.     <u>Defendants Acquaviva, Christe, Felker, and Leo</u>

2          Plaintiff alleges that defendant Acquaviva, the Health Care Manager at HDSP,

3  delayed and obstructed the inmate grievance process.  An exhibit attached to plaintiff's

4  complaint additionally demonstrates that Acquaviva denied plaintiff's inmate appeal #HDSP-B-

5  06-01874 requesting emergency dental care on May 25, 2007 at the second level of review.  (Dkt.

6  No. 46 at 8-10.)  In denying the appeal, Acquaviva stated that plaintiff had arrived at HDSP on

7  February 27, 2002, that he had been seen 15 times, that his history of complaining of sore gums

8  and periodontitis dated back to July 1989 for several years prior to his arrival at HDSP, and that

9  there was no evidence he was denied dental treatment.  (<u>Id.</u> at 10.)

10         Defendant Christe was the Medical Appeals Analyst at HDSP.  Plaintiff alleges

11  that Christe delayed the grievance process and denied plaintiff access to the grievance process.

12         Plaintiff alleges that defendant Felker, Warden at HDSP, elected not to correct the

13  denial of appropriate treatment and the deficient appeals process.

14         Defendant Leo, Chief Dental Director at HDSP, endorsed the policy and practice

15  of not providing oral specialists to treat oral infections.  Plaintiff's exhibits additionally

16  demonstrate that Leo responded to plaintiff's appeal #HDSP-B-06-01874 at the informal level of

17  review on August 3, 2006, denying plaintiff's request for emergency treatment and advising him

18  that he was on the waiting list for routine care.  (Dkt. No. 46 at 6-7.)  Leo also partially granted

19  plaintiff's appeal #HDSP-31-08-16391 regarding a new dental treatment plan on January 16,

20  2009 at the second level of review.  (<u>Id.</u> at 40.)

21         In asserting that plaintiff has failed to state a cognizable claim, defendants

22  correctly note that prisoners have no "separate constitutional entitlement to a specific prison

23  grievance procedure."  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v.

24  Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).  An official's failure to process a grievance does not

25  state a constitutional violation.  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993).  Likewise,

26  "[r]uling against a prisoner on an administrative complaint" does not state a constitutional

1   violation.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

2          Accordingly, neither the alleged failure of these defendants to properly implement

3   the administrative appeals process at HDSP nor their denial or unsatisfactory handling of

4   plaintiff's inmate appeals raises constitutional concerns.  In addition, plaintiff's allegations that

5   Leo and Felker essentially endorsed the unconstitutional level of dental care being provided by

6   others, based on their supervisory roles, do not allege the requisite personal involvement and

7   causal link for supervisory personnel liability under section 1983.  Accordingly, the motion to

8   dismiss should be granted as to defendants Acquaviva, Christe, Felker, and Leo.

9          D.   Defendant Dunn

10          According to plaintiff's complaint, defendant Dunn, DDS, provided plaintiff with

11   dental care from February 28, 2002 until approximately February 7, 2003.  Dr. Dunn moves for

12   dismissal on the basis that plaintiff's claim against him, which relates solely to dental care

13   provided during that period of time, is time-barred.

14          "Because § 1983 does not contain a statute of limitations, federal courts apply the

15   forum state's statute of limitations for personal injury claims."  Johnson v. California, 207 F.3d

16   650, 653 (9th Cir. 2000) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)).  In California, the

17   applicable limitations period for personal injury actions is two years.  Cal. Civ. Pro. Code §

18   335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  When not inconsistent with federal

19   law, federal courts also apply the law of the forum state regarding tolling.  Johnson, 207 F.3d at

20   653 (citing Hardin v. Straub, 490 U.S. 536, 537-39, 543 (1989)).  Under California law, the

21   limitations period is tolled for persons imprisoned on a criminal charge for up to two years.  Cal.

22   Civ. Proc. Code § 352.1(a); see also Johnson, 207 F.3d at 654.

23          Federal law controls the question of when a claim accrues.  Johnson, 207 F.3d at

24   653; Wallace, 549 U.S. 384, 388 (2007).  A claim accrues when a plaintiff knows, or should

25   know, of the injury which is the basis of his cause of action.  Johnson, 207 F.3d at 653.  Once a

26   person has information sufficient to put a reasonable person on notice, the limitations period

1  begins to run.  Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).  A plaintiff need not be

2  aware of the specific facts necessary to establish a claim in order for the limitations period to

3  begin running.  Braxton-Secret v. A.H. Robbins Co., 769 F.2d 528, 530 (9th Cir. 1985).

4         Based on plaintiff's allegations, his Eighth Amendment claim against Dr. Dunn

5  accrued no later than February 7, 2003, at the conclusion of Dunn's alleged unconstitutional

6  dental care.  See Abrahamson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979) ("The

7  proper focus is upon the time of the [ ] acts, not upon the time at which the consequences of the

8  acts became most painful.").  Applying the two year statute of limitations and the additional

9  maximum two years tolling for plaintiff's incarceration, the Eighth Amendment claim against

10  Dunn had to be brought no later than February 7, 2007.  However, plaintiff initiated this federal

11  action more than a year later, on June 20, 2008.  (Dkt. No. 1.)

12         Plaintiff responds that his claims against Dunn are not time-barred, because the

13  failure to treat was a continuing wrong.  (Dkt. No. 73 at 9-10.)  Even under the continuing wrong

14  theory, which allows a plaintiff to seek relief for events outside of the limitations period, at least

15  one alleged act or omission constituting part of the violation must be alleged to fall within the

16  limitations period.  Knox, 260 F.3d at 1013.  Plaintiff makes no such allegation.  Accordingly,

17  his claims against Dunn should be dismissed as time-barred.  See Ritchie v. United States, 210 F.

18  Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts alleged in a complaint demonstrate that

19  the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6)

20  motion should be granted.) (citing Fed. R. Civ. P. 12(b)(6) & Jablon v. Dean Witter & Co., 614

21  F.2d 677, 682 (9th Cir. 1980)).

22      E.    Defendants Hopson and Simpson

23         Defendant Hopson, DDS, was responsible for plaintiff's dental care from July 27,

24  2006 to January 7, 2007, while defendant Simpson, DDS, was responsible for plaintiff's dental

25  care from June 27, 2007 to April 20, 2008.

26  /////

Dr. Hopson asserts that plaintiff's claim against him should be dismissed because he provided medically necessary dental care in compliance with the policies adopted by CDCR as a result of the class action settlement in <u>Perez v. Cate, et al.</u>, USCD N.D. Cal., Case Number 3:05-cv-05241 ("<u>Perez</u>"), which met minimum Eighth Amendment standards.  (Dkt. No. 59 at 5-6.)  Similarly, Dr. Simpson asserts that plaintiff's claim against him should be dismissed because the tooth extractions were medically necessary and because plaintiff's own grievance states the teeth extracted by Simpson needed to be extracted before replacement dentures could be fitted.  (Dkt. No. 69 at 9-10.)

As a factual record is developed, it may very well turn out that Drs. Hopson and Simpson provided medically necessary dental care and that they were not deliberately indifferent to plaintiff's serious dental needs.  At this stage of the case, however, construing the pleading in the light most favorable to plaintiff and drawing all reasonable inferences therefrom, the undersigned finds that plaintiff's allegations state a cognizable Eighth Amendment claim alleging that defendants Hopson and Simpson knew of and disregarded an excessive risk to plaintiff's health or safety in connection with the alleged untreated gum infection, gum and bone loss, and tooth extractions, such that a genuine issue of material fact exists in that regard.

F.   <u>Defendant Callegari</u>

Plaintiff alleges that defendant Callegari, a dental assistant, coordinated and promoted the unconstitutional level of dental care being provided by Drs. Hopson and Simpson.  Although a person can violate section 1983 by participating in the act of another person which causes the constitutional violation, plaintiff's allegations as to Callegari's involvement are too vague and conclusory to survive the motion to dismiss.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>Ivey</u>, 673 F.2d at 268.  Unlike plaintiff's treating dentists, who were alleged to have directly provided plaintiff with the dental care at issue, it is not facially plausible that Callegari, as a dental assistant, could have provided different treatment independently of plaintiff's treating dentists or ordered plaintiff's dentists to provide alternate treatment.  In other words, the allegations against

1  Callegari lack sufficient factual content to allow the court to draw the reasonable inference that

2  she is liable for the misconduct alleged.

3       G.     Official Capacity Damages Claims

4            Plaintiff has named each defendant in his or her official capacity.  "[A]n official

5  capacity suit is, in all respects other than name, to be treated as a suit against the entity."

6  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Unless waived, the Eleventh Amendment bars a

7  federal court award of damages under § 1983 against a state, state agency, or state official sued in

8  an official capacity.  Quern v. Jordan, 440 U.S. 332, 342 (1979).  Moreover, neither a state nor a

9  state official sued in an official capacity for monetary damages is a "person" for purposes of a §

10 1983 damages action.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

11 Therefore, even if a state waives its Eleventh Amendment immunity in federal court, Will

12 precludes a damages action against the state government entity or a state official sued in an

13 official capacity for monetary damages.  Id.  For these reasons, plaintiff's claims for damages

14 against defendants in their official capacity should be dismissed.

15       H.     Request for Injunctive Relief

16            Plaintiff requests an injunction ordering defendants to arrange for him to be

17 examined and treated by an independent specialist and for his missing teeth to be replaced.  (Dkt.

18 No. 46 at 3.)  Defendants move for dismissal of the claim as barred by a pending class action.

19            The Ninth Circuit has held that a plaintiff who is a member of a class action for

20 equitable relief from prison conditions may not maintain a separate, individual suit for relief that

21 is also sought by the class, but may pursue equitable relief that "exceeds" or is not covered by the

22 class action.  See Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979) (reversing district court's

23 dismissal of plaintiff's claims for relief only as to those that were not included in a class action

24 challenging overcrowding); accord McNeil v. Guthrie, 945 F.2d 1163, 1166 n. 4 (10th Cir. 1991)

25 ("class members may bring individual actions for equitable relief when their claims are not being

26 litigated within the boundaries of the class action").

1    Defendants request the court to take judicial notice of Perez v. Cate, No. C 05-

2  5241 JSW (N.D. Cal. filed 2005) ("Perez"), including the Amended Stipulation and Order

3  entered August 21, 2006 and its accompanying exhibits.  A court may take judicial notice of

4  court records.  E.g., Bennett v. Medtronic, 285 F.3d 801, 803 n.2 (9th Cir. 2002).  ("We may take

5  notice of proceedings in other courts, both within and without the federal judicial system, if those

6  proceedings have a direct relation to matters at issue.") (internal quotation marks and brackets

7  omitted).  Good cause appearing, defendants' request for judicial notice is granted.

8    Plaintiff is a member of the class action in Perez, which includes all current and

9  future inmates of California state prisons who have serious dental care needs.  See Perez v. Cate,

10  632 F.3d 553, 554 (9th Cir. 2011).  In Perez, the plaintiffs claimed that the provision of dental

11  care in California state prisons violated the Eighth Amendment.  The parties settled the action

12  and entered into a remedial plan which was approved by the District Court for the Northern

13  District of California in August, 2006.  Id. at 554; see also Dkt. No. 59-2.[2]  The plan aims to set

14  the minimum level of care required by the Eighth Amendment and expressly governs policies

15  and procedures "that the parties will follow in this case for resolving disputes concerning the

16  constitutional adequacy of dental care services."  (Dkt. No. 59-2 at 2.)  It specifically provides

17  that "[d]isputes whether defendants' Policies and Procedures satisfy their obligations under the

18  Eighth Amendment shall be resolved using the dispute resolution procedures in ¶¶ 36-38."  (Dkt.

19  No. 59-2 at 4.)  And further:

20    The parties understand and agree that the inmate grievance
   procedure (CDCR Form 602) is an important step in the provision
21    of essential dental care.  *Accordingly, the parties agree that all
   complaints regarding dental care provided to an individual*
22    *inmate, except those requiring emergency care of those classified
   as priority 1A[3], shall be submitted to Defendants after using the*

23

24    [2] All citations to document 59-2 refer to the page numbers assigned by the court's
   CM/ECF system.

25

26    [3] Priority 1A is defined in the Policies and Procedures as "Inmates requiring treatment for
   an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life-

1    *inmate grievance procedure.* Once the appeal has received the
     director's level of review and all administrative relief has been
2    exhausted, should the individual inmate contend that the grievance
     procedure failed to adequately address the dental problem,
3    Plaintiff's counsel may bring the dental care concern to the
     attention of appropriate headquarters staff, who shall respond in
4    writing within 30 days.

5    (Dkt. No. 59-2 at 7-8 (emphasis added).)

6         Here, plaintiff seeks an injunction ordering defendants to arrange for him to be

7    examined and treated by an independent specialist and for his missing teeth to be replaced. (Dkt.

8    No. 46 at 3.) Plaintiff's dispute regarding the constitutional adequacy of dental services being

9    provided is to be governed by the policies and procedures of the Perez Amended Stipulation and

10   Order, under which he should direct his claims for injunctive relief to his class counsel in Perez,

11   unless his complaints are among those requiring emergency care for an acute oral or maxillo-

12   facial condition, which is likely to remain acute, worsen, or become life threatening without

13   immediate intervention. (Dkt. No. 59-2 at 7.)

14        Plaintiff's request for his already-extracted teeth to be replaced does not suggest

15   that the treatment sought involves emergency care for an acute dental condition. However,

16   construing plaintiff's complaint liberally, his allegations of ongoing untreated gum infection and

17   his desire to be examined by an independent specialist raise a genuine issue of material fact in

18   this regard. Accordingly, defendants' motion to dismiss the injunctive relief claim should be

19   denied at this stage as to defendants Felker and Leo, the Warden and Chief Dental Director at

20   HDSP, respectively, in their official capacity, whom plaintiff alleges are responsible for HDSP's

21   policy and practice of not providing oral specialists.

22        I.    Qualified Immunity

23        As discussed, plaintiff has stated Eighth Amendment claims against defendants

24   Hopson and Simpson in their individual capacity. Defendants contend they are entitled to

25   _____

26   threatening without immediate intervention." (Dkt. No. 59-2 at 7.)

qualified immunity.  "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  When a court is presented with a qualified immunity defense, the central questions are (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

While it remains to be seen what admissible evidence will prove in regard to plaintiff's allegations, the undersigned has found that plaintiff has sufficiently alleged that defendants Hopson and Simpson were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment during the time period of 2006-2008, collectively.  Long before 2006, "the general law regarding the medical treatment was clearly established," and "it was also clearly established that [prison staff] could not intentionally deny or delay access to medical care." Clement v. Gomez, 298 F.3d 989, 906 (9th Cir. 2002).  It had also been clearly established that dental care was one of the medical needs of inmates to which the Eighth Amendment deliberate indifference standard applied. Hunt, 865 F.2d at 200.  Therefore, any reasonable prison official should have known that willfully delaying or denying dental care, or willfully allowing a serious gum infection to go untreated, resulting in severe gum loss, bone loss, the extraction of several teeth, and the inability to chew food, in conscious disregard for the inmate's health or safety, violated the Eighth Amendment.  Accordingly, defendants' motion to dismiss based on the affirmative defense of qualified immunity should be denied at this time.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss (Dkt. No. 59) be GRANTED in part, as to (1) defendant Christe and (2) the injunctive relief claim against Christe and Hopson; and DENIED in part, as to the damages claim against Hopson.

2.   Defendants' motion to dismiss (Dkt. No. 69) be GRANTED in part, as to (1)
defendants Acquaviva, Dunn, and Callegori, (2) the damages claims against
Felker, and Leo, (3) the damages claims against defendants in their official
capacities, and (4) the injunctive relief claims against Acquaviva, Dunn, and
Callegori; and DENIED in part, as to (1) the damages claim against defendant
Simpson, and (2) the injunctive relief claim against defendants Felker and Leo
in their official capacity.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
days after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
shall be served and filed within fourteen days after service of the objections.  The parties are
advised that failure to file objections within the specified time may waive the right to appeal the
District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE