UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BAPTISTE,<br><br>            Plaintiff,<br><br>     v.<br><br>G. DUNN, et al.,<br><br>            Defendants. | No.  2:08-cv-1420 KJM CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  The remaining defendants, Simpson, Felker, Leo and Hopson, have filed a motion for summary judgment, as has plaintiff.  ECF Nos. 95 and 103.  This action is proceeding on plaintiff's amended complaint which was filed October 24, 2011. ECF No. 46.

I. Remaining Claims

Plaintiff's amended complaint concerns the adequacy of dental care he received while housed at High Desert State Prison (HDSP).  Many of plaintiff's claims and the defendants identified in plaintiff's amended complaint were dismissed on March 30, 2013 pursuant to a motion to dismiss. ECF No. 83. The claims which survived are as follows:

1.  A claim against defendant C. Hopson, DDS, for cruel and unusual punishment in violation of the Eighth Amendment based upon denial of adequate dental care.  At HDSP, defendant Hopson was responsible for plaintiff's dental care from July 27, 2006 to January 7,

2007.  ECF No. 46 at 4.  Plaintiff alleges that Hopson denied plaintiff's request for treatment of a gum infection, telling him that the California Department of Corrections and Rehabilitation (CDCR) does not provide funds for treatment of oral infections and that plaintiff's only option was "full mouth tooth extractions."  Id.

       2.  A claim against defendant D. Simpson, DDS, for cruel and unusual punishment in violation of the Eighth Amendment based upon denial of adequate dental care.  Plaintiff alleges that defendant Simpson was responsible for plaintiff's dental care from June 27, 2007 until April 20, 2008.  ECF No. 46 at 4.  Plaintiff alleges that Simpson recognized that plaintiff had a gum infection and, per prison policy, indicated that treatment would consist of tooth extractions rather than providing plaintiff with access to a specialist because it was easier to simply extract.  Id.

       3.  A claim for injunctive relief against defendants R.J. Leo, the Chief Dental Director at HDSP, and T. Felker, the Warden at HDSP, seeking examination by an "independent specialist" and treatment for gum infection.

II.  Motions To Strike

       Defendants filed a motion to strike certain evidence presented by plaintiff with his opposition to defendants' motion for summary judgment (ECF No. 107) and a separate motion to strike evidence presented by plaintiff with his motion for summary judgment (ECF No. 103). [1] Defendants' motions to strike are granted in that the court does not consider any opinion rendered by plaintiff as to how any injury or disease concerning his teeth should have been treated because plaintiff is not a qualified expert witness concerning treatment of dental injuries or diseases.  See Fed. R. Evid. 701 et seq.  The motion is also granted  with respect to plaintiff's Exhibit E, which consists of letters sent to various parties by plaintiff concerning the condition of his teeth and responses thereto. ECF No. 103 at 50.  These materials constitute inadmissible hearsay.  See Fed. R. Evid. 801 et seq.  In all other respects, except as otherwise addressed below, defendants' motions to strike are denied as the evidence identified does not affect the court's conclusion that defendants' motion for summary judgment should be granted and plaintiff's motion for summary

---

[1]  The evidence presented with plaintiff's opposition to defendants' motion for summary judgment is the same as the evidence plaintiff presents with his motion for summary judgment.

judgment should be denied.

III. <u>Defendants' Motion For Summary Judgment</u>

    A. <u>Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. <u>See</u> Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

1    party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

2        In the endeavor to establish the existence of a factual dispute, the opposing party need not
3    establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
4    dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
5    trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce
6    the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
7    Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
8    amendments).

9        In resolving the summary judgment motion, the evidence of the opposing party is to be
10   believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the
11   facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475
12   U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
13   obligation to produce a factual predicate from which the inference may be drawn.  See Richards
14   v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
15   (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
16   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
17   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
18   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

19       B.  Defendant Hopson

20       In his affidavit presented with defendants' motion for summary judgment, defendant
21   Hopson describes his interactions with plaintiff concerning treatment for plaintiff's gum disease
22   as follows:

23       1.  In response to a prisoner grievance filed by plaintiff, defendant Hopson discussed the
24   condition of plaintiff's teeth with plaintiff on September 7, 2006.  Decl. of C. Hopson at ¶ 8.
25   Defendant Hopson noted that plaintiff had severe periodontal disease and he told plaintiff that the
26   treatment for plaintiff's condition would be extraction due to severe bone loss.  Id.  At this time,
27   there was no CDCR-wide policy on the treatment of periodontal disease.  Id. at ¶ 9.  According to
28   Hopson, inmates with periodontal disease would typically first be treated with antibiotics and

1 scaling. Id. Extraction is the only treatment option if severe bone loss has occurred. Id.

2. On January 16, 2007, Hopson conducted a full exam of plaintiff's teeth including full mouth x-rays. Hopson described his diagnosis and treatment plan as follows:

> I determined that Baptiste (sic) teeth had periodontal pockets of six to nine millimeters, gingival recession, and that he required extraction of 16 teeth and a complete upper denture and partial lower due to severe bone loss. I explained to Baptiste that the three remaining bottom teeth would allow him to have a lower partial instead of a complete denture, though he would eventually lose those teeth due to advanced bone loss, and require a complete lower denture as well. It is difficult for patients to adjust to a full denture on the bottom so the partial "training denture" allows them to make a smoother transition. . .
>
> When I explained the suggested treatment plan, Baptiste became rude, uncooperative and refused to accept responsibility for his oral health, which ended our appointment.

Id. ¶¶ 11-12.

Plaintiff does not challenge the information described above provided by defendant Hopson in any meaningful respect. It does not appear defendant Hopson ever caused any of plaintiff's teeth to be extracted, and there is no evidence before the court that Hopson's failure to take any other action caused plaintiff further injury.

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials

over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

After reviewing all of the evidence before the court, the court finds there is no genuine issue of material fact as to whether defendant Hopson was deliberately indifferent to the problems with plaintiff's teeth which were presented to Hopson. There is no admissible evidence before the court indicating that the course of action recommended by Hopson (essentially extraction and dentures) was not appropriate under the circumstances presented to him, much less that it constituted deliberate indifference.[2] Nothing suggests Hopson failed to use any and all resources available to him to provide treatment to plaintiff.[3] The court assumes that saving a prisoner's tooth, as opposed to removing it and providing a replacement (dentures, bridge, crown, etc.), is preferable in most cases, and that unnecessarily extracting a tooth could amount to deliberate indifference under the Eighth Amendment. This is not to say, however, that failing to take or authorize every conceivable measure to save original teeth constitutes deliberate indifference to a serious medical condition.

For these reasons, defendant Hopson should be granted summary judgment.

C.  Defendant Simpson

In his affidavit presented with defendants' motion for summary judgment, defendant Simpson describes his interactions with plaintiff concerning treatment for plaintiff's gum disease

---

[2] Exhibit G attached to plaintiff's opposition is a pamphlet purportedly published by the American Dental Association titled "Gum Disease, Are You At Risk?" which suggests that under certain circumstances there are alternatives to extraction. The court declines to consider this exhibit as it constitutes inadmissible hearsay. See Fed. R. Evid. 801 et seq. Even if the court were to consider it, however, it has little relevance as the pamphlet does not describe any definitive treatment for plaintiff's condition; nothing in the pamphlet suggests the treatment recommended or administered by either defendant was not appropriate given plaintiff's dental issues.

[3] The court notes that in his declaration, plaintiff asserts that in 2009 Dr. Giddings conducted some "deep scaling" on at least some of plaintiff's remaining teeth, a dental procedure which plaintiff suggests should have been performed earlier and instead of extraction. Decl. at ¶¶ 38-39. But the fact that Dr. Giddings concluded in 2009 that deep scaling would be appropriate on some of plaintiff's teeth does not indicate that the teeth which were treated earlier should have been treated in the same manner. The court must look at the circumstances presented to defendant Hopson at the time he saw plaintiff.

1  as follows:

2      1. On April 11, 2007, defendant Simpson examined plaintiff and noted that he had severe
3  periodontal disease in his entire mouth. Decl. of D. Simpson at ¶ 6. Plaintiff complained of pain
4  in tooth #31, a bottom right tooth. Id. Because Simpson believed no definitive treatment would
5  correct the "hopeless periodontal disease" in tooth #31, he believed extraction was the only viable
6  option. Id. He recommended that tooth #31 be extracted, plaintiff agreed, and the tooth was
7  extracted that day. Id.

8      2. On July 12, 2007, plaintiff complained of pain in teeth #2 and #15 which are upper rear
9  molars. Id. at ¶ 7. Both were extracted due to "hopeless periodontal disease." Id.

10      3. On September 27, 2007, Simpson returned plaintiff's upper and lower dentures to him
11  after adjusting them. Id. at ¶ 9.

12      4. On November 26, 2007, plaintiff complained of pain in tooth #6, an upper right canine.
13  Id. at ¶ 10. The tooth was not treatable and needed to be extracted. Id. However, plaintiff did
14  not want the tooth extracted because he was about to be transferred and would request treatment
15  at his new institution. Id. That being the case, defendant Simpson prescribed plaintiff some
16  antibiotics and urged plaintiff to get the tooth extracted as soon as possible. Id.

17      In his affidavit, defendant Simpson indicates that during the time he treated plaintiff,
18  CDCR's policy and procedure manual stated there would be no referral for "periodontal specialty
19  treatment." Id. at ¶ 11. Simpson would treat inmates with periodontal disease with antibiotics,
20  scaling and education on oral hygiene. Id. If teeth could not be salvaged with these options, the
21  only remaining treatment was extraction. Id.

22      As with plaintiff's claim against defendant Hopson, there is no admissible evidence before
23  the court indicating that the course of action chosen by defendant Simpson was not appropriate
24  and nothing suggests Simpson failed to use any and all resources available to him to provide
25  treatment to plaintiff. Simpson actually treated plaintiff's pain by removing teeth and it does not
26  appear plaintiff takes issue with this. Of course, Simpson could have been found to be
27  deliberately indifferent if he failed to extract plaintiff's problem teeth or treat his pain in some
28  other way, but that is not the situation here. For these reasons, there is no genuine issue of

material fact as to whether defendant Simpson was deliberately indifferent to the condition of plaintiff's teeth presented to Simpson.[4]

### D. Claim For Injunctive Relief

As indicated above, plaintiff asks that the court order defendants Leo and Felker to provide plaintiff adequate treatment for plaintiff's gum infection. When plaintiff filed his complaint, Leo and Felker held supervisory positions at HDSP. Neither still works there and plaintiff is no longer housed at HDSP. Therefore, ordering Leo and Felker, or other officials at HDSP to provide plaintiff with dental treatment would do plaintiff no good. Furthermore, plaintiff fails to point to anything suggesting the dental care he is receiving at his new prison, the California Men's Colony in San Luis Obispo, warrants injunctive relief. For these reasons, the court will recommend that plaintiff's claims for injunctive relief against defendants Leo and Felker be dismissed. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (an inmate's transfer from a prison while his claims are pending will generally moot any claims for injunctive relief related to that prison). If plaintiff believes he has a claim concerning the dental treatment he is receiving at his new prison, he should initiate a separate lawsuit.[5]

## III. Plaintiff's Motion For Summary Judgment

The court has reviewed plaintiff's motion for summary judgment and the related briefing. Plaintiff fails to demonstrate that defendants Hopson and Simpson were deliberately indifferent to his serious medical needs as a matter of law and nothing in the briefing alters the court's conclusion that defendants Hopson and Simpson are entitled to summary judgment because there is no genuine issue of material fact as to whether they were deliberately indifferent to plaintiff's dental problems which were presented to them. Also, for the reasons identified above, plaintiff

---

[4] In light of the foregoing, defendants Hopson and Simpson are also immune from suit under the "qualified immunity" doctrine because there is no genuine issue of material fact as to whether the actions of Hopson and Simpson amount to a violation of clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[5] The correct venue would most likely be the United States District Court for the Northern District of California, as San Luis Obispo County lies in the jurisdiction of that court.

fails to establish he is entitled to any injunctive relief. Therefore, the court will recommend that plaintiff's motion for summary judgment be denied.

Accordingly, IT IS HEREBY ORDERED that defendants' February 18, 2014 and March 27, 2014 motions to strike are granted in part and denied in part as described on page 2.

IT IS HEREBY RECCOMMENDED that:

1. Defendants' November 1, 2013 motion for summary judgment (ECF No. 95) be granted;

2. Plaintiff's motion for summary judgment (ECF No. 103) be denied; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bapt1420.57